*108 Opinion of the Court, by
Judge Mills.
THIS is an action of debt, brought against the executors, devisees and heirs of Christopher Greenup, on a bond executed by their (estator and ancestor. On the first writ the sheriff returned three of the heirs and devisees, “no inhabitants of the Commonwealth;” on an alias and pluries, he returned the same heirs “not found, and not to be found within my bailiwick.” This, as well as the first return, is made by a deputy, and not the principal sheriff. The court, on these returns, awarded publication, and on proof that it was made, renderedjudgment by default against the whole, to reverse which, this writ'of error is prosecuted.
(1) It is clear, that a sheriffcannot officially know the inhabitants of the Commonwealth, and is, therefore, not authorized to return any individual., .no inhabitant of the State; but such a return may be good for as much territory as he could officially notice, and cannot mean less than that the defendants were not inhabitants of his county.
(2) And it is clearly settled, by former adjudications of this court, that a return of “ no inhabitant,” cannot warrant ex parte proceedings, in any action at common law.
The propriety, then, of making and proceeding by publication, must rest on the returns made on the alias and pluries.
(3) If the returns on these are to bg taken as meaning the same thing as the simple return of “ not found,” so.me doubts exist whether publication could be warranted by returns so contradictory to the first return. If it could, it must be done by supposing, that after the first return, (he defendants bad removed to, resided, or were commorant in (he county.
(4) But without giving any positive opinion on this point, we conceive the. returns on the alias and pluries, cannot be taken to mean neither more nor less than the rimpie return of non'est inventus.
This latter return, under our laws, implies that the defendant belongs to the county; that tih.e sheriff has *109 been at his residence and could not find him; or that although he belongs to the county, yet his residence is unknown and cannot be ascertained. These facts are comprehended in the return, and are considered as proved by it, before publication can go.
[5] ‘ Not blliitick^ returned by a. deputy sher- ^ thedefend-ant is not ™ thereto rean 5 docs not war-vailt a Pub5i' ' catl0B‘
jjjanad fitom ro„st aCoept the appoint-ward, that he was pres-aid°Urt* thin^nbar" or preclusion °fj^e notdo"’'
pj ip no other can he to a°-poxntmeiSPor appear, the court must its ownof-fleers, and see t>» !. duos ap.-c.i --Ar. [ilj /'lian ad htou is responsible for his acts— Argu.
*109 But the sheriff has negatived some of these facts by the words and not to be found.” If these words mean any thing, they must imply that the defendants do not belong to the county; for they show that it was impossible to find them there. We cannot treat these ex-pressionsas a nullity. It is evident that they were added to restrain and qualify, to some extent, the words “ not found,” and to hint some extraordinary reason for not finding them. The return thus qualified, could not warrant publication,
(5) Another reason exists against the sufficiency of this return to sustain the publication. It is made by a deputy, and applies to his bailiwick only;.and it is decided by this court, in the case of Gully vs. Sanders, Littell’s Select Cases 424, thatbailiwick, in such case, does not necessarily include the county, but strictly means that part which is or may be assigned to the deputy. The proceeding, therefore, by publication, on this return, was erroneous.
(6) Another error assigned, will, also, be noticed. Some of the defendants and part of ihe absentees, were infants. Beforejudgment an order was made appointing a guardian adlilem to defend for them. The order then proceeds to state, that said guardian “ being pre-seutin court, said nothing in bar or preclusion of the plaintiffs’action.” This order says nothing more nor less, than that the guardian appointed was completely passive under the appointment, and neither assented t° the appointment, nor appeared for his wards.
(7) It is true, that by an act of Assembly of this Com-wionwenllh, the plaintiff, in cases of infancy, may proceed, notwithstanding the nonage of any of the and the parol cannot demur, as at common law; still, how-pver, infants must appear by guardian. If none can be found to accept the appointment or appear for the fant, it is the duty of the court to appoint one of its oííi-cers, whom they can control, and see that he enters an •appearance.
(8) Either an acceptance of the appointment, or an nppearance of a guardian, or an appointment of an of- *110 ficcr that shall appear, is necessary before the ccui-fc proceeds, and such appointee must be responsible for his acts under the appointment, neither of which exists in this case.
Forbes and Sharp, ion plaintiffs; Littdlmd Marshall, for defendants.
The judgment must, therefore, he reversed with costs, and the verdict be set aside, and the cause be remanded for new proceedings not inconsistent with this opinion.